JAMES GALLAGHER *against* GEORGE DAVIS.

A surety in a bond for duties of goods on importaion into the United States, who pays the same to the custom house, has no preference for his debt where the principal absconds as an insolvent person, unless he has made an assignment; or process in nature of a domestic attachment has issued against him, or he has been declared a bankrupt.

CASE stated for the opinion of the court.

Peter Borger, late of the city of Philadelphia, merchant, being considerably indebted to George Davis, the defendant, the said George obtained judgment against him, and on the 2d September 1797, issued a *fi. fa.* thereon, upon which part of the debt due to him was levied.

Afterwards the said George, being apprized of the arrival of certain goods from Hamburgh, consigned to the said Peter, on the 26th March 1798, levied thereon a *fi. fa. pro residuo*, in the stores of the custom house.

From the sales of these goods, after paying the duties on their importation and other charges with the costs of suit, the sum of 400 dollars, or thereabouts, remained, which the said George received from the sheriff, and there still remains a considerable balance due to him from the said Peter.

The said Peter Borger having become insolvent absconded from his usual place of residence, on or about the 27th August 1797.

Prior to the importation of the goods so levied, to wit: in 1795, 1796, and 1797, James Gallagher had become surety to the United States, in sundry bonds given by the said Peter for the payment of duties (which bonds were paid by the said James, previous to the arrival of the said goods) on other goods by him imported, and no part of which applies to the goods levied on as aforesaid by the said George Davis; and the said Peter was indebted to him the said James on that account, in the sum of $184\frac{79}{100}$ dollars.

The question for the opinion of the court is whether the plaintiff is entitled to recover the said sum of $184\frac{79}{100}$ dollars from the defendant.

It is also agreed that the collector had notice of the claim of the plaintiff before the property was levied on in the stores of the custom house.

Mr. Heatly for the plaintiff urged, that by the 41st § of the act of congress, passed 4th August 1790, (1 U. S. Laws 244, Oswald's ed.) duties exceeding 50 dollars on goods imported, shall be secured by bond, with one or more sureties, and in lieu of such surety deposits may be accepted. By § 45 thereof it is directed, that the United States, in case a bond for duties becomes due, shall be

first satisfied in all cases of insolvency, or where any estate in the hands of executors or administrators shall be insufficient to pay all the debts due from the deceased.

A subsequent act of congress of 2d May 1792, (2 U. S. Laws 85) in the sec. 18, provides, that where the sureties in bonds for duties pay the same, they shall have the same advantage, priority and preference, as are secured to the United States for the recovery thereof. Peter Borger therefore having become insolvent, and absconded, and the plaintiff having paid his duties to the custom house, as his surety, is entitled to a preference.

Mr. Rawle for the defendant contended, that the preference given to the United States in cases of insolvency, held only in three instances: where a general assignment had been made for the use of the creditors ; where process, in the nature of a domestic attachment, letting in all the creditors, had issued ; or where there had been a regular bankruptcy. And such has been the uniform construction of the act of congress.

*Per curiam.* The law of the union does not apply to the case stated. Congress in the close of the 18th section of the act of 2d May 1792, have made a legislative declaration of the sense in which the words " cases of insolvency " shall be taken, and they must be restricted thereby to the three instances pointed out by the counsel for the defendant.

Judgment for the defendant.